UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN K. SANDERS, | : | Case No. 1:13-cv-813 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| AMERIMED, INC., | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. 9)**

This civil action is before the Court on Defendant's partial motion to dismiss (Doc. 9) and the parties' responsive memoranda (Docs. 11, 15).

## I.  FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Amerimed employs both part-time and full-time pharmacists.  (Doc. 1 at ¶¶ 8, 12). On or about November 5, 2010, Plaintiff became employed with Amerimed as a part-time pharmacist.  (*Id*. at ¶ 8).  As a part-time pharmacist, Plaintiff was not entitled to participate in Amerimed's group health plan.  (*Id.* at ¶ 27).  Plaintiff allegedly sought a full-time position because he wanted to participate in Amerimed's group health plan and receive other benefits.  (*Id.* at ¶¶ 11-12).  However, Plaintiff was never hired as a full-time pharmacist and eventually voluntarily resigned from his position in or around January 2013.  (*Id.* at ¶ 44).

Plaintiff alleges four causes of action: (1) relief under the Americans with Disabilities Act ("ADA") and the analogous Ohio statute; (2) relief under the Age Discrimination in Employment Act ("ADEA"); (3) discrimination under § 510 of the Employee Retirement income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140; and (4) constructive discharge.

Plaintiff maintains that he was denied a full-time position with Amerimed because of his age and a permanent medical condition that affected his nervous system. Specifically, Plaintiff alleges that Amerimed refused to hire him for a full-time position because it was concerned that Plaintiff would add substantial medical expenses to its group health plan. Conversely, Amerimed argues that Plaintiff was never a participant or beneficiary in its group health plan and was not entitled to benefits as a part-time employee. As such, Amerimed maintains that Count III (ERISA discrimination) fails as a matter of law, because Plaintiff does not have statutory standing as either a participant or a beneficiary to bring suit under § 510. Additionally, Amerimed argues that Plaintiff fails to state a claim for constructive discharge (Count IV) because: (1) he does not allege that Amerimed's conduct was made with the intention of forcing him to quit; and (2) such a claim is preempted by ERISA.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)

requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. Proc. 8(a)(2)).

## III. ANALYSIS

### A. ERISA Discrimination (Count III)

Plaintiff alleges that Defendant violated ERISA Section 510 by refusing to hire him for a full-time position because Defendant was concerned that it would incur substantial medical expenses that would have to be paid by its group health insurance plan. (Doc. 1 at ¶ 50). Defendant argues that Plaintiff does not state a claim for ERISA discrimination because Plaintiff was not a "participant" in the group health plan.

Section 510 of ERISA states in relevant part: "[i]t shall be unlawful for any person to…discriminate against a participant or beneficiary…for the purpose of interfering with the attainment of any right to which such participant may become entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7).[1] The "may become eligible" language means "a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or (2) eligibility requirements will be fulfilled in the future." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).

---

[1] Participants include "employees in, or reasonably expected to be in, currently covered employment." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).

In *Fleming v. Ayers & Assoc.*, 948 F.2d 993 (6th Cir. 1991),[2] the Sixth Circuit affirmed liability under ERISA where the employer had discharged the plaintiff because of high medical expenses it expected would be incurred by her infant child, and for which the employer's health insurance plan could have been responsible. Like the instant case, the plaintiff in *Fleming* was originally hired to work in a part-time position without benefits, but there was a reasonable expectation she would ultimately obtain a full-time position and become eligible for benefits. However, she was discharged before she was ever employed in a full-time position. Under those circumstances, the *Fleming* Court held that the plaintiff met ERISA's definition of a "participant" in the defendant's health insurance plan, and therefore had standing to bring an action under Section 510:

> A "participant" under ERISA includes not only employees who are currently eligible for certain benefits, but also those employees who "may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Here, it is not disputed that Fleming would have become eligible for Ayers' health insurance benefit upon moving to a full-time nursing job. Thus, we cannot say that the District Court erred in finding Fleming to be a "participant" within the meanings of section 510 of ERISA, 29 U.S.C. § 1140.

Plaintiff alleges that:

1. He applied for several different full-time positions with Defendant while he was a part-time or "optional" employee. (Doc. 1 at ¶¶ 12, 20, 32).[3]

---

[2] In support of its motion, Defendant primarily relies on an opinion from a district court in Pennsylvania. *See Shawley v. Bethlehem Steel Corp.*, 784 F.Supp. 1200 (W.D. Pa. 1992).

[3] Plaintiff was working 40 hours per week, but Defendant avoided paying him benefits by classifying him as an "optional" employee. (Doc. 1 at ¶¶ 26-27).

5

2. Defendant accepted his applications for these positions and interviewed him for at least one of them. (Doc. 1 at ¶ 21).

3. Defendant recommended that he obtain an additional certification in order to help him secure a full-time position, and he did as recommended. (Doc. 1 at ¶¶ 23-24).

4. As an existing employee, his work was already known to Defendant, and Defendant had given him good performance reviews – facts which would ordinarily make him an ideal candidate to fill an open full-time position. (Doc. 1 at ¶ 10).

5. In 2012, Defendant specifically told him about a full-time position that would soon become available and explicitly stated that he would be considered for this position. (Doc. 1 at ¶¶ 31-36).

Construing these facts in the light most favorable to Plaintiff, Plaintiff reasonably expected to be employed full-time. Accordingly, the Court finds that Plaintiff meets ERISA's definition of a "participant."

### B. Constructive Discharge (Count IV)

Plaintiff alleges that he was constructively discharged because he was never offered a full-time position, worked under intolerable conditions, and was threatened for complaining. (Doc. 1 at ¶ 54). Defendant maintains that Count IV fails because Plaintiff did not allege an essential element of constructive discharge – the Defendant's intent to force Plaintiff to quit. Additionally, Defendant argues that the claim is preempted under ERISA.

#### 1. Intent

To establish a claim for constructive discharge, a plaintiff must show that: (1) the employer deliberately created intolerable working conditions, as perceived by an

6

objective, reasonable person; (2) the employer did so with the intention of forcing the employee to quit; and (3) the employee actually quit. *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 481 (6th Cir. 2012).[4] An employee can satisfy the "intention" element by establishing that an employer could reasonably foresee the impact of the employer's conduct on the employee. *Id.*

Here, Plaintiff's complaint alleges that Defendant's unlawful discrimination caused him to quit and that its actions were intentional. (Doc. 1 at ¶¶ 44, 47, 53, 54, 56) ("In November of 2012, Plaintiff expressed to a co-worker…his frustration over having been repeatedly turned down for full-time positions, in spite of his qualifications and good performance record. Mr. Tsapatsaris subsequently learned of Plaintiff's complaint….[and] threatened Plaintiff's job, telling Plaintiff that he…could easily replace him. Plaintiff resigned his employment with Defendant…because of its repeated refusal of his requests for a full-time position, and because of [the]…threat."). Under such circumstances, "[s]o long as we can draw the reasonable inference that the defendant is liable for the misconduct alleged, a plaintiff's claims must survive a motion to dismiss." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 281 (6th Cir. 2010).

Accordingly, Plaintiff has pled sufficient facts as to the element of intent to go forward.

---

[4] *See also Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 549 (6th Cir. 2008) ("a reasonable person in the employee's shoes would have felt compelled to resign").

### *2. Preemption*

Section 514 of ERISA provides that all state laws that "relate to" employee benefits plans are preempted by ERISA,[5] including state wrongful discharge actions that are premised on employer interference with the attainment of rights under employee benefit plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).[6] ERISA preemption applies in situations where "there simply is no cause of action if there is no plan." *Id*. at 140.

Count IV of Plaintiff's complaint expressly adopts and reincorporates the preceding paragraphs of the complaint, including Plaintiff's ERISA claim. Accordingly, Defendant argues that the claim for constructive discharge "relates to" employee benefit plans. However, Count IV is not clearly pled as either a federal or state law claim.

ERISA Section 514(d) provides that it does not preempt any federal statute.[7] Additionally, Section 514(a) will not preempt state antidiscrimination laws to the extent that they prohibit practices made unlawful by Title VII. *Shaw v. Delta Air Lines*, 463

---

[5] *Sexton v. Panel Processing, Inc.*, 921 F. Supp.2d 457 (E.D. Mich. 2012).

[6] "[V]irtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

[7] While ERISA broadly preempts state laws that relate to employee benefit plans, this provision is limited by the savings clause which states that ERISA, "shall not be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States." 29 U.S.C. § 1144(d). Thus while ERISA may preempt state law, it does not supersede or invalidate federal law. *Sterling Die Casting Co., Inc. v. Local 365 UAW Welfare & Pension Fund*, 118 B.R. 205, 208 (Bankr. E.D.N.Y. 1990).

U.S. 85, 105 (1983).[8] Claims brought under state statutes that would otherwise be preempted by ERISA remain fully enforceable to supplement ERISA to the extent that the state statutes track federal anti-discrimination law. *Id.* Plaintiff argues that the constructive discharge claim arises under federal law and the Ohio statutory analogue to the ADA, referenced in Count I. Here, the Ohio civil rights statute parallels the ADA, and is consistent and complimentary therewith, in that it creates the same substantive rights and remedies. *Bucher v. Sibcy Cline, Inc.*, 738 N.E.2d 435, 443 (Ohio App. 2000). Accordingly, Plaintiff's constructive discharge claim is not preempted by ERISA.

### C. Definite Statement

In the alternative, Defendant requests that this Court order Plaintiff to amend the complaint to make more definite statements. Fed. R. Civ. P. 12(e) states that "a party may move for a more definite statement of a pleading to which a responsive pleadings is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

Defendant argues that Plaintiff's complaint is ambiguous because it incorporates all of the preceding paragraphs, thereby combining claims. The Court agrees. In accordance with the Court's findings *supra* at Section III.B.2, Plaintiff shall amend his complaint to clarify Count IV.

---

[8] "Congress did not intend…for ERISA to preempt traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." *PONI v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005).

## IV.   CONCLUSION

Accordingly, for the foregoing reasons Defendant's partial motion to dismiss (Doc. 9) is **DENIED**.  Plaintiff shall file an amended complaint forthwith.

**IT IS SO ORDERED**.

Date:  4/25/14                                                                          *s/ Timothy S. Black*
                                                                                          Timothy S. Black
                                                                                          United States District Judge